**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Imran Ahmad Jamali,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Maricopa County, a private municipal corporation, et al.,<br><br>　　　　　Defendants. | No. CV13-613 PHX DGC<br><br>**ORDER** |

Before the Court are the motion to dismiss filed by Defendant Maricopa County ("the County")[1] (Doc. 8), the motion to dismiss filed by Defendants James Richmond and Richmond Consulting Group, LLC (Doc. 10), the motion to dismiss filed by Defendant Kyle Ritter (Doc. 14), the motion for alternative service of process filed by Plaintiff (Doc. 15), the motion to schedule a default hearing filed by Plaintiff (Doc. 28), the motion for extension of time for service filed by Plaintiff (Doc. 43), and the motion to compel answer filed by Plaintiff (Doc. 44). No party has requested oral argument. For the reasons set forth below, the Court will dismiss the complaint for lack of subject matter jurisdiction.

**I.　Background.**

Chandler police agents arrested Plaintiff on October 4, 2010. Doc. 1, ¶ 31. The following day, the County took Plaintiff's name, image, and other private information.

---

[1] The Court will refer to the other Defendants collectively as "the Website Defendants."

*Id.*, ¶ 32. The County distributed this information to the Website Defendants. *Id.*, ¶ 33. The Website Defendants posted the information to their webpages (*id.*, ¶ 33), and required payment to have the information removed (*id.*, ¶ 35). The information remains on the Internet even after an individual website removes the information from its webpage. *Id.*, ¶ 36.

The complaint asserts the following twelve causes of action: (1) invasion of privacy by means of unauthorized appropriation of name or likeness; (2) invasion of privacy by means of public disclosure of private facts; (3) invasion of privacy by false light; (4) invasion of privacy by intrusion; (5) intentional infliction of emotional distress; (6) gross negligence; (7) blackmail; (8) extortion; (9) civil conspiracy; (10) defamation by slander; (11) conversion; and (12) unjust enrichment. Doc 1.[2]

## II. Dismissal of Complaint for Lack of Subject Matter Jurisdiction.

The County moves to dismiss the complaint for lack of subject matter jurisdiction. Doc. 8 at 4-6. The County argues that the complaint asserts only state law claims and that there is no other basis for the Court's subject matter jurisdiction. *Id.*

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Pursuant to federal statutes, this Court has subject matter jurisdiction over a case only if the complaint raises a federal question or the amount in controversy exceeds $75,000 and the parties are citizens of different states. *See* 28 U.S.C. §§ 1331, 1332(a). "The party asserting jurisdiction has the burden of proving all jurisdictional facts." *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)); *see Fenton v. Freedman*, 748 F.2d 1358, 1359, n.1 (9th Cir. 1984). Courts must presume a lack of jurisdiction until the plaintiff proves otherwise. *Kokkonen*, 511 U.S. at 377. To

---

[2] The blackmail claim is asserted against the Website Defendants (Doc. 1, ¶ 72), and the defamation by slander claim against Defendant "Doe 8" (*id.*, ¶¶ 82-89). The complaint asserts the other claims against all Defendants.

overcome that presumption, the plaintiff must provide a statement of the grounds for the court's subject matter jurisdiction. *See* Fed. R. Civ. P. 8(a).

Pro se Plaintiff asserts that the Court has federal question jurisdiction. Doc. 1, ¶ 20 ("The complaint arises under the Constitution and laws of the United States and therefore this court has jurisdiction pursuant Tile 18 U.S.C. § 241, Title 28 U.S.C. § 1331 and Article II, sections 3, 8 and 33 of the constitution of the State of Arizona."). Federal question jurisdiction arises pursuant to 28 U.S.C. § 1331, which provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Section 1331 does not itself create federal jurisdiction; it "confers jurisdiction only where a federal question is otherwise at issue[.]" *Ellis v. Cassidy,* 625 F.2d 227, 229 (9th Cir. 1980). In general, a federal question invokes a "right or immunity created by the Constitution or laws of the United States[.]" *Gully v. First Nat'l Bank,* 299 U.S. 109, 112 (1936). That federal right or immunity "must be an element, and an essential one, of the plaintiff's cause of action." *Id.* While it is not an infallible rule, if federal law creates the cause of action, federal question jurisdiction will generally lie. *Murphey v. Lanier,* 204 F.3d 911, 912 (9th Cir. 2000); *see Am. Well Works Co. v. Layne & Bowler Co.,* 241 U.S. 257, 260 (1916) ("A suit arises under the law that creates the cause of action.").

The complaint's jurisdictional statement and the extortion claim refer to 18 U.S.C. § 241. Doc. 1, ¶¶ 20, 75. But because § 241 is a criminal statute that does not give rise to civil liability, *see Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006), the complaint does not state a claim arising under § 241 and therefore the Court's federal question jurisdiction cannot be premised on this statute. The complaint does not identify any other federal statute or any right created by the United States Constitution.[3] *See* 28 U.S.C. § 1331. Nor does the complaint assert that the

---

[3] Plaintiff's response indicates that he is asserting a 42 U.S.C. § 1983 claim

parties are citizens of different states. *See* 28 U.S.C. § 1332(a). Because Plaintiff has not shown that his complaint is subject to federal question or diversity jurisdiction, the Court will dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

### III.   Leave to Amend.

"The court should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see* 28 U.S.C. § 1653 (authorizing amendment of pleadings to cure defective jurisdictional statement). In the Ninth Circuit, "[a] pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)); *see also Waters v. Young*, 100 F.3d 1437, 1441 (9th Cir. 1996) ("As a general matter, this court has long sought to ensure that pro se litigants do not unwittingly fall victim to procedural requirements that they may, with some assistance from the court, be able to satisfy."). The Court will dismiss the complaint without prejudice and allow Plaintiff to file an amended complaint, consistent with this order, that properly invokes the Court's jurisdiction. Plaintiff shall have until **Friday, June 28, 2013**, to file an amended complaint.

The Court is required to give some guidance to a pro se plaintiff regarding the deficiencies of a dismissed complaint. *Karim-Panahi,* 839 F.2d at 625. Plaintiff's complaint has failed adequately to state the basis on which this Court may exercise jurisdiction over his claims against any of the Defendants. Plaintiff is advised that his amended complaint must include a "short and plain statement of the grounds" for this Court's jurisdiction over each claim against each Defendant. Fed. R. Civ. P. 8(a).

---

(Doc. 32 at 7), and claims under the Fifth and Seventh Amendment to the U.S. Constitution (*id.* at 12). The Court has construed the complaint liberally, *see Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), and finds that the complaint does not assert these claims.

- 4 -

Pursuant to federal statutes, this Court has subject matter jurisdiction over a claim only if (a) the complaint alleges a federal claim ("federal question jurisdiction"), (b) the amount in controversy exceeds $75,000 and the parties are citizens of different states ("diversity jurisdiction"), or (c) federal question or diversity jurisdiction exists over some of the claims and supplemental jurisdiction is established over the remaining claims. *See* 28 U.S.C. §§ 1331, 1332(a), 1367.

**IV.  Plaintiff's Obligations.**

Defendants' motions raise issues concerning (1) the filing of a notice of claim, A.R.S. § 12-821.01; (2) failure to state a claim, Fed. R. Civ. P. 12(b)(6); (3) service of process, Fed. R. Civ. P. 4(j), (m); and (4) statutes of limitations, A.R.S. §§ 12-821, 12-542.  Docs. 8, 10, 14.  If Plaintiff is able to cure the jurisdictional defect of his complaint, the amended complaint will have to address these issues as well.

Plaintiff is advised that he must become familiar with, and follow, the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Arizona ("Local Rules").  The Federal Rules of Civil Procedure are available at the following Internet website:  www.law.cornell.edu/rules/frcp/.  A copy of the Court's Local Rules of Civil Procedure may be obtained in the Clerk's Office and are available online at the Court's Internet website:  www.azd.uscourts.gov (follow hyperlink titled "Rules/General Orders").

For purposes of the amended complaint, Plaintiff is directed to Rule 8 of the Federal Rules of Civil Procedure.  Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought."  Fed. R. Civ. P. 8(a).  These pleading requirements shall be set forth in separate and discrete paragraphs.  Rule 8(d) provides that each such paragraph "must be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).  The forms contained in the Appendix to the Federal Rules of Civil Procedure – which include forms regarding jurisdictional statements and sample complaints on various

causes of action – "suffice under the[ ] rules and illustrate the simplicity and brevity that the[ ] rules contemplate." Fed. R. Civ. P. 84.

If Plaintiff fails to prosecute this action or to comply with the rules or any Court order, the Court may dismiss the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b). *See Ferdik v. Bonzelet,* 963 F.2d 1258, 1260-61 (9th Cir. 1992) (holding that the district court did not abuse its discretion in dismissing a pro se plaintiff's complaint for failing to comply with a court order).

**IT IS ORDERED:**

1. Plaintiff's complaint (Doc. 1) is **dismissed** without prejudice for lack of subject matter jurisdiction.
2. Plaintiff may file an amended complaint on or before **June 28, 2013**, consistent with this order.
3. The Clerk of Court shall **terminate** this action without further order of the Court if Plaintiff fails to comply with this deadline.
4. All pending motions (Docs. 8, 10, 14, 15, 28, 43, 44, 46) are **denied** as moot.

Dated this 29th day of May, 2013.

_____
David G. Campbell
United States District Judge